**Michael DeWayne ETCHISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–93–00085–CR.

Court of Appeals of Texas, Texarkana.

Submitted June 1, 1994.

Decided June 28, 1994.

Lyle Jeanes, Paris, for appellant.

Tom Wells, County Atty. of Lamar County, Paris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

CORNELIUS, Chief Justice.

In a jury trial, Michael DeWayne Etchison was convicted of failure to appear. TEX. PENAL CODE ANN. § 38.11 (Vernon 1989). The court assessed his punishment at three years' confinement. On appeal Etchison raises only one point of error: that the evi-

dence is insufficient to support a finding that he intentionally or knowingly failed to appear. We overrule this point and affirm the judgment.

Etchison was indicted for the unauthorized use of a motor vehicle. He was released on bond on August 9, 1991. The conviction now on appeal arises out of Etchison's failure to appear at a pretrial hearing on the unauthorized use of a motor vehicle charge set for October 9, 1992.

The evidence, viewed most favorably to the prosecution, shows that Etchison received written notice of an earlier pretrial hearing set for September 5, 1991. Notice of that hearing was given by a letter addressed to his bondsman, Scott Dollins, dated August 20, 1991, a copy of which was mailed to and received by Etchison. Etchison failed to appear at that hearing. On that date, the court appointed Barney Sawyer to act as attorney for Etchison. A new pretrial hearing was set for October 9, 1992. It is undisputed that Etchison did not receive actual notice of that hearing, at which he failed to appear, but it is the State's position that he intentionally engaged in a course of conduct that would prevent his receiving actual notice. If there is sufficient evidence that Etchison engaged in such a course of conduct, the conviction for failing to appear at the hearing may be sustained.

The statute under which Etchison was prosecuted is Tex. Penal Code Ann. § 38.11. It provides that:

(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.

. . . .

(c) It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release.

Proof that the accused was free under an instanter bond, as in this case, constitutes prima facie proof that he had notice to appear at the proceeding in question. This prima facie proof will satisfy the State's burden of proof in a failure to appear case in the absence of any contrary evidence. If there is proof that the accused did not in fact have notice, the State must produce evidence sufficient to justify a rational trier of fact in finding that the accused engaged in a course of conduct designed to prevent his receiving notice. *Euziere v. State*, 648 S.W.2d 700 (Tex.Crim.App.1983); *Vanderhorst v. State*, 821 S.W.2d 180 (Tex.App.—Eastland 1991, pet. ref'd); *Richardson v. State*, 699 S.W.2d 235 (Tex.App.—Austin 1985, pet. ref'd).

In this case there is sufficient evidence to justify a finding that Etchison engaged in such a course of conduct.[1]

The district clerk testified that Etchison gave a false address when he was released from jail and that he never communicated with her to correct the address. Although Etchison testified that he was trying to give an address of a friend in Dallas where he intended to go and that he gave the zip code for Paris only because he did not know the zip code for Dallas, the jury was not required to accept that explanation. Etchison's bondsman testified that, after he made bond for Etchison, he never saw Etchison again and that he made numerous attempts to locate Etchison but was unable to find him until Etchison was arrested and jailed in the state of Oregon. Etchison's lawyer attempted to contact him by letter, but because Etchison did not give him an address or any other information so he could locate him, the lawyer could not find him. Although Etchison testified that Carmen Henshaw knew his whereabouts and could contact him at any time, Henshaw testified that she did not know where he was or how to contact him for over a year. Etchison himself testified that he was a transient and did not have a residence; yet he did not contact the clerk, his

---

1. Since the exclusive fact jurisdiction of the courts of appeals under the state constitution both permits and requires a review of the factual sufficiency when sufficiency of the evidence is challenged on appeal, we have done so in this appeal. *See Stone v. State*, 823 S.W.2d 375 (Tex. App.—Austin 1992, pet. ref'd, untimely filed); Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question*, 23 St. Mary's L.J. 423 (1991).

bondsman, or his attorney to inquire of any court settings or to let them know how he could be contacted. Although Etchison also testified that he did not intend to evade notice and was willing and anxious to meet any court settings that he knew about, the jury was the judge of the witnesses' credibility and the weight to be given their testimony, and they could believe or not believe any witness as they chose. There is sufficient evidence to justify the jury's finding that Etchison knowingly and intentionally engaged in a course of conduct designed to prevent his receiving notice.

For the reasons stated, the judgment of the trial court is affirmed.