**Lawrence Reginald BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00109–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 4, 2001.

Decided Nov. 8, 2001.

Robert M. Burns, Dallas, for appellant.

Martin E. Braddy, Timothy S. Linden, Asst. Dist. Attys., Sulphur Springs, for state.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Lawrence Reginald Bell appeals his conviction for bail jumping and failure to appear in accordance with the terms of his release from custody. TEX. PEN.CODE ANN. § 38.10 (Vernon 1994).[1] The jury assessed his punishment at seventy years' imprisonment.[2] After both parties concluded the evidence, Bell moved for a directed verdict stating the State had not met its burden on all of the elements of the offense. The trial court denied the motion. Bell's sole

---

1. In the underlying offense, Bell had been charged with possession of marihuana in the amount of 2,000 pounds or less but more than 50 pounds, a felony of the second degree. TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (Vernon Supp.2001). The offense of bail jumping and failure to appear is a felony of the third degree if the offense for which the accused's appearance was required is classi-fied as a felony. TEX. PEN.CODE ANN. § 38.10(f) (Vernon 1994).

2. Bell was subject to enhancement on his punishment because of prior convictions, including three prior convictions in Harris County for possession of a controlled substance.

point on appeal is that the trial court erred in holding the evidence sufficient to sustain the conviction when the State failed to establish prima facie proof that, at the time of his release from custody on his underlying charge, Bell was notified of the court in which he was to appear.

On March 23, 1999, Bell was arrested in Hopkins County and charged with possession of marihuana. He was released on bail on March 25, 1999. The bond under which Bell was released was silent as to the location, date, and time he was to appear to answer the charge against him.

On August 5, 1999, Bell appeared before the Eighth Judicial District Court of Hopkins County and signed an "Appearance and Announcement Form." The form stated the case was reset for September 20, 1999, at 8:30 a.m. Bell failed to appear in court on that date. The bailiff called Bell's name, and Bell did not answer. A warrant for Bell's arrest was issued, and he was returned to the Hopkins County jail on October 25, 1999. On April 12, 2000, a jury convicted Bell of bail jumping and failure to appear. Bell appeals this conviction.

■ Bell does not specify whether he is alleging factual or legal insufficiency. The standard of review for challenges to the legal sufficiency of the evidence in criminal cases is that set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The *Jackson* standard inquires whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*, 443 U.S. at 319, 99 S.Ct. 2781. The verdict may be set aside pursuant to a factual sufficiency challenge only if, after viewing all the evidence without the prism of "in the light most favorable to the prosecution," it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

■ The offense of bail jumping and failure to appear is committed when a person lawfully released from custody on condition that he subsequently appear intentionally or knowingly fails to appear in accordance with the terms of his release. TEX. PEN.CODE ANN. § 38.10(a). It is a defense to prosecution that the actor had a reasonable excuse for his failure to appear. TEX. PEN.CODE ANN. § 38.10(c). Bell failed to appear for a trial setting on September 20, 1999. Bell complains there was insufficient evidence to sustain the conviction when the State failed to establish prima facie proof that Bell was notified at the time of his release of the court where he was to appear.

■ Generally, an instanter bond gives proper notice and, in the absence of evidence of a reasonable excuse, is sufficient to prove an appellant intentionally and knowingly failed to appear in accordance with the terms of his release. *Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim.App.1983); *Etchison v. State*, 880 S.W.2d 191, 192 (Tex.App.—Texarkana 1994, no pet.). In *Richardson*, the court construed *Euziere* to mean that in a prosecution under Section 38.10, proof the defendant was free pursuant to an instanter bond constitutes a prima facie showing that he had notice of the proceeding at which he failed to appear. *Richardson v. State*, 699 S.W.2d 235, 238 (Tex.App.— Austin 1985, pet. ref'd). This prima facie showing satisfies the state's burden of proving a culpable mental state in the absence of any evidence to the contrary. *Id.* But where, as in this case, there is evidence the defendant did not, in fact, have notice of the proceeding in question, the state must do more than prove the

terms of the bond in order to meet its burden of proving an intentional or knowing failure to appear. *Id.* In such cases, the state must offer evidence that the defendant did have actual notice, or that he engaged in a course of conduct designed to prevent him from receiving notice. *Id.* The State offered such evidence in this case.

*Fish v. State*, 734 S.W.2d 741 (Tex. App.—Dallas 1987, pet. ref'd), dealt with a similar fact scenario. In *Fish*, the court held that the bond itself, which had blanks, was evidence indicating the appellant did not have actual notice he was to appear before the 354th Judicial District Court of Hunt County. *Id.* at 743–44. In this case, the State concedes there was some evidence that Bell had no actual notice by the bond of the name and number of the court in which he was required to appear. The blanks in the instanter bond constitute some evidence that Bell had no actual notice. In *Fish*, the court held:

> Since the instanter bond in the instant case did not name the court in which appellant was to appear, and since there was no other evidence indicating that appellant did have actual notice of the hearing, or that he engaged in a course of conduct designed to prevent him from receiving notice, we hold that no rational trier of fact could have found that appellant intentionally and knowingly failed to appear in accordance with the terms of his release.

*Id.* In this case, the State did provide evidence indicating Bell had actual notice of the hearing.

■ On August 5, 1999, Bell appeared before the Eighth Judicial District Court of Hopkins County and signed an "Appearance and Announcement Form," which stated the date and time of his next required appearance before the court. Also, Bell presented evidence through two witnesses that on September 20 they, along with Bell, attempted to drive to Sulphur Springs from Dallas but had car trouble. We take judicial notice that it is 80.9 miles from Dallas to Sulphur Springs.[3] Both witnesses testified they did not leave Dallas until after 8:30 a.m., the time Bell was supposed to be before the court. The State presented some evidence that Bell had actual notice of the name, number, date, and time on which he was to appear in accordance with his release.

■ Bell contends the "Appearance and Announcement Form" is not a term of release. His contention seems to be that we can only look to the instanter bond, and since it is blank, that is proof he had no actual notice. In *Fish*, that is the conclusion the court reached. However, the court stated no other evidence was presented by the state showing the appellant had actual notice of the hearing. To so hold would mean a defendant would never have notice of appearance when the instanter bond is blank, even if the defendant obtained subsequent knowledge, because that knowledge would not have been received pursuant to the terms of release. The caselaw clearly supports that when the instanter bond does not show prima facie evidence that the defendant had actual notice, the state must offer evidence of actual notice. *Fish*, 734 S.W.2d at 743–44; *Richardson*, 699 S.W.2d at 238. The instanter bond is not the only evidence of a defendant's actual notice.

**3.** We may take judicial notice of facts which are notorious, well-known, or easily ascertainable. *Eagle Trucking Co. v. Texas Bitulithic Co.*, 612 S.W.2d 503, 506 (Tex.1981); *see Ex parte Britton*, 382 S.W.2d 264, 265 (Tex.Crim.App.1964). This includes distances between two geographic locations. *Campbell v. Campbell*, 477 S.W.2d 376, 378 n. 2 (Tex. Civ.App.—Amarillo 1972, no writ); *Dixie Motor Coach Corp. v. Fry*, 177 S.W.2d 992, 994 (Tex.Civ.App.-Dallas), *rev'd on other grounds*, 142 Tex. 589, 180 S.W.2d 135 (1944).

The evidence, viewed in the light most favorable to the prosecution, shows any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781. Bell signed the "Appearance and Announcement Form," and friends testified he knew he was supposed to be in court on September 20. Although the testimony showed that Bell attempted to be in court on September 20 but was prevented from doing so by car trouble, no evidence was presented that Bell attempted to contact or contacted his bail bondsman, his attorney, or the court. Bell never returned to Hopkins County voluntarily; a warrant had to be issued for his arrest. A rational trier of fact could have found that Bell intentionally or knowingly failed to appear. The evidence is legally sufficient to support the verdict. As to the factual sufficiency of the evidence, a neutral review of the evidence does not show the verdict is factually so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis*, 922 S.W.2d at 129.

We affirm the judgment of the trial court.