In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00063-CR

                                                ______________________________

 

 

                                     COURTNEY BENTON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 349th
Judicial District Court

                                                           Houston County, Texas

                                                         Trial Court
No. 08CR-178

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            In the process of pleading
guilty to murder,[1] Courtney
Benton confessed that, in the early morning hours of September 17, 2008, he
shot and killed Steven McCullough in Houston County.[2]  Benton elected to have the jury assess his
punishment.[3]  Benton appeals on the sole basis that the
admission of certain juvenile court judgments was improper because the State
did not provide evidence that he was the person reflected in those
judgments.  Because there was ample
evidence that Benton was the person named in those judgments, we affirm the
judgment of the trial court.

            Certified
copies of the records in question were admitted, over hearsay and relevance
objections,[4] as Exhibits 82
and 83.  On appeal, Benton claims error
in the admission of the juvenile court judgments because, it is alleged, there
is no evidence linking Benton to those judgments.[5]

            “To
establish that a defendant has been convicted of a prior offense, the State
must prove beyond a reasonable doubt that (1) a prior conviction exists, and
(2) the defendant is linked to that conviction.”  Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007).  No specific document or mode of proof is
required to establish these two elements.  See id.  However, proof that the defendant merely has
the same name as the person previously convicted is not sufficient to satisfy
the prosecution’s burden.  See Beck v.
State, 719 S.W.2d 205, 210
(Tex. Crim. App. 1986).  The approved
methods of proof of identity set forth in various cases are not exclusive and
may often include the use of a combination of methods.  Id.

            In the
instant case, State’s Exhibits 82 and 83 were generally admissible under Rule 902(4)
of the Texas Rules of Evidence because they consist of certified copies of
public records, certified as correct by their custodian, and, therefore, self-authenticating.  Tex.
R. Evid. 902(4).  However, for the
State to satisfy the second prong of Flowers, it was required to present
independent evidence linking Benton to the juvenile judgments.  See
Beck, 719 S.W.2d at 210
(“It is incumbent on the State to go forward and show by independent evidence
that the defendant is the person so previously convicted.”); see also Davis v. State, 268 S.W.3d 683, 715 (Tex. App.—Fort
Worth 2008, pet. ref’d) (relevance of prior conviction is conditioned on
production of evidence sufficient to show same defendant in each case).  Absent evidence linking the defendant to the
prior conviction, evidence of the prior conviction is not relevant.  Menefee
v. State, 928 S.W.2d 274, 278 (Tex. App.—Tyler 1996, no pet.).  Whether sufficient links are present is
determined on a case-by-case basis.  Human v. State, 749 S.W.2d 832, 835–36
(Tex. Crim. App. 1988).  Further, the
State may use circumstantial evidence to prove the defendant is the same person
named in the alleged prior convictions.  Id. at 835–36, 839.  The fact-finder looks at the totality of the
evidence to determine whether the State proved the prior convictions beyond a
reasonable doubt.  Flowers, 220 S.W.3d at 923.

            At trial,
the State presented certified copies of five judgments and related documents:[6]

            (1) 
Judgment and stipulation of evidence in cause number 2003-00720J, dated
March 6, 2003, reflecting Courtney Antoine Benton’s conviction for engaging in
organized crime (theft of automobile), a first degree felony, on January 20,
2003, in Harris County.  The judgment
reflects that Benton was a juvenile at the time of the offense, lists his
mother as Joycelyn Alexander (Benton), and lists Benton’s date of birth as
April 11, 1987.  The judgment and
stipulation of evidence are signed by Courtney Antoine Benton;

 

            (2) 
Corrected judgment in cause number 2003-00720J, dated April 17,
2003.   This judgment likewise reflects
that Courtney Antoine Benton was a juvenile at the time of the offense, lists
Benton’s mother as Joycelyn Alexander (Benton), and lists Benton’s date of
birth as April 11, 1987;

 

            (3) Judgment and stipulation of
evidence dated July 25, 2003, reflecting violation of probationary rules by
Courtney Antoine Benton related to cause number 2003-00720J.  This judgment reflects that Benton was a
juvenile, lists Joycelyn Alexander as Benton’s mother on the attached
stipulation of evidence, and lists Benton’s date of birth as April 11, 1987.[7]  The judgment is signed by Courtney Benton and
the stipulation of evidence is signed by Courtney Antoine Benton;

 

            (4) 
Judgment and stipulation of evidence dated September 30, 2003,
reflecting violation of probationary rules by Courtney Antoine Benton related
to cause number 2003-00720J.  This
judgment reflects that Benton was a juvenile, lists his mother as Joycelyn
Alexander, and lists Benton’s date of birth as April 11, 1987.  The judgment and stipulation of evidence are
signed by Courtney Benton; and

 

            (5) 
Judgment and stipulation of evidence dated November 25, 2003, in cause
number 2003-09372J, reflecting Courtney Antoine Benton’s conviction for
possession of a controlled substance, a class A misdemeanor, on November 13,
2003, in Harris County.  The judgment
reflects that Benton was a juvenile at the time of the offense and lists his
date of birth as April 11, 1987.  The
judgment and the stipulation of evidence are signed by Courtney Benton.

 

            Deborah
Jones, Benton’s Houston County community supervision officer beginning in
August 2008, testified that her records indicated Benton’s date of birth as
April 11, 1987.  At trial, the State
played a video recording of Benton’s confession to McCullough’s murder.  During the course of his statement, Benton
identified himself as Courtney Antoine Benton, states his date of birth as
April 11, 1987, and identifies his mother as Joycelyn Alexander.  

            In addition,
Officer Samuel Wagner with the Crockett Police Department testified that Benton
appeared at the Houston County Sheriff’s Department on the afternoon of
September 17, 2008, and asked to speak to Wagner.  During the course of his visit with Wagner,
Benton provided a written statement, identified by Wagner as State’s Exhibit
49, in connection with the investigation of McCullough’s murder.  This statement was signed by Benton, and
Benton was identified by Wagner at trial as the person who provided the
statement.  Wagner further testified that
he spoke with Benton a second time after Benton’s arrest September 19,
2008.  At that time, Benton provided a
second written statement, identified by Wagner as State’s Exhibit 51.  This statement was likewise signed by
Benton.  Exhibits 49 and 51 each list
Benton’s date of birth as April 11, 1987.

            Benton
contends there is insufficient evidence to link him to the prior convictions
contained in State’s Exhibits 82 and 83. 
We disagree.  The prior
convictions are linked to Benton via (1) his name, “Courtney Antoine Benton,”
(2) his birth date of April 11, 1987, (3) his mother’s name—Joycelyn Alexander
(Benton), and (4) Benton’s signature, which appears on Exhibits 49 and 51, the
authenticity of which has not been contested.

            All
pleadings filed in connection with Benton’s prosecution for McCullough’s murder
were styled using the name, “Courtney Benton.” 
However, Benton stated that his full name is Courtney Antoine
Benton.  The judgments and stipulations
of evidence admitted at trial as State’s Exhibits 82 and 83 are signed
variously as “Courtney Benton” and as “Courtney Antoine Benton.”  Generally, a name alone is insufficient to
connect a defendant to a prior judgment. 
See Beck, 719
S.W.2d at 210.  Here, we are not
confronted with a name commonly encountered, a partial name, or initials.  We are provided with the appellant’s full
name, an individual who was indicted in Houston County, Texas, for a crime
committed in Crockett, Texas.  We take
judicial notice that it is 115.95 miles from Crockett, Texas to Houston, Harris
County, Texas,[8] where the
prior convictions were rendered.  While
the name alone is not the sole evidence connecting Benton to the prior
convictions, it is quite unlikely that another by the name of Courtney Antoine
Benton was convicted in Harris County, Texas, within the time frames listed in
those prior convictions.[9]  

            The second
factor connecting Benton to the prior convictions is his date of birth.  The prior convictions each list Benton’s date
of birth as April 11, 1987.  Benton
himself acknowledges his date of birth as April 11, 1987; this is substantiated
by Jones’ testimony as well.  We take
judicial notice of the fact that, given Benton’s date of birth, he would have
been a juvenile at the time of the Harris County convictions in March and
November 2003.[10]  Both prior convictions indicate that the
Courtney Antoine Benton therein convicted was a juvenile.  

            In addition
to his name and date of birth, the identity of Benton’s mother connects Benton
to the prior convictions admitted as State’s Exhibit 82.[11]  The person identified as Benton’s mother on
the prior felony conviction is Joycelyn Alexander (Benton).  The person Benton identified as his mother—in
the video recording of his confession played to the jury— is Joycelyn
Alexander.   

            Finally, the
prior convictions and stipulations of evidence comprising State’s Exhibits 82
and 83 are signed by the defendant variously as “Courtney Benton” or “Courtney
Antoine Benton.”[12] Benton’s
signature appeared on State’s Exhibits 49 and 51, the written statements Benton
provided to Wagner.  While the jury was
not specifically requested to compare these signatures with those appearing on
the prior convictions, it is nevertheless “competent to give evidence of
handwriting by comparison, made by experts or by the jury.”  Tex.
Code Crim. Proc. Ann. art. 38.27 (Vernon 2005); see Zimmerman v. State, 860 S.W.2d 89, 97 (Tex. Crim. App. 1993) (authentication
of handwriting may be established by comparison performed either by experts or
by jury), vacated & remanded on other
grounds, 510 U.S. 938 (1993). 
Exhibits 49 and 51 were admitted without objection and were available to
the jury for signature comparison.  The
jury was therefore free to compare the signatures appearing on Exhibits 49 and
51 (which were never denied by Benton) with those appearing on the prior
convictions to assist in the determination of whether or not Benton was indeed
the same individual listed in the prior convictions.  

            As a
practical matter—while Benton objected to the admission of the prior
convictions due to claimed inadequate identification of the person so convicted—neither
the State nor the defense argued the identity issue to the jury.  In fact, when counsel for Benton did mention
the prior felony conviction in closing argument, he stated,

Now, the title to one of them is unanimous
because it’s engaging in organized criminal activity.  But if you will look, Courtney and several
other youths, again, several years ago stole a car.  That was it. 
And he pled guilty and took his punishment.

 

 

 

Moreover, in speaking of the prior misdemeanor conviction,
counsel for Benton stated, “The other offense is a drug possession case,
codeine.  And he pled guilty to that.”  A judicial admission must be a clear,
deliberate, and unequivocal statement.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 905 (Tex. 2000); Spradlin v. State, 100 S.W.3d 372, 380
(Tex. App.—Houston [1st Dist.] 2002, no pet.). 
A judicial admission bars a party from disputing a fact and relieves his
adversary from having to present proof of the fact.  Auld,
34 S.W.3d at 905.  While the State does not
mention this argument in its brief, we find the foregoing statements on behalf
of Benton to be judicial admissions.

            Considering
the totality of the evidence linking Benton to the prior convictions, even in
the absence of the foregoing judicial admissions, a rational jury could have
found beyond a reasonable doubt that Benton was indeed the same person
identified in the prior convictions admitted via State’s Exhibits 82 and 83.

            We affirm
the judgment of the trial court.

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
3, 2011         

Date Decided:             February
4, 2011

 

Publish

 

 

 











[1]Tex. Penal Code Ann. § 19.02 (Vernon
2003).

 





[2]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[3]The
jury returned a sentence of ninety-nine years’ imprisonment in the Texas
Department of Criminal Justice—Institutional Division.  

 





[4]We
understand Benton’s relevance objection to be that there was no evidence
linking the admission of the prior convictions to Benton, and therefore, the
evidence was not relevant.

 





[5]At
the trial on punishment, the State sought to introduce Benton’s Texas Youth
Commission (TYC) records.  Benton
objected to the introduction of the TYC records as hearsay and because they
included copies of purported judgments. 
The trial court ruled that the judgments would be redacted from the TYC
records and determined to rule on the hearsay objection outside the presence of
the jury.  Subject to these rulings, the
TYC records were admitted.  It appears
from the record that the juvenile court judgments at issue were not redacted
from the TYC records.  Certified copies
of these judgments were separately introduced and received into evidence as Exhibits
82 and 83.  Further, the trial court,
after having reviewed the proposed 200-page exhibit of TYC records, ruled that
six pages of those documents would be admitted. 
Those six pages were stapled and marked as State’s Exhibit 80.  Exhibit 80 in the appellate record includes
all 200 pages of the TYC records.  The
erroneous inclusion of the entire set of TYC records has not been raised as an
issue on appeal; we therefore do not address it.  Tex.
R. App. P. 38.1.





[6]These
are set out in two exhibits, numbered 82 and 83.

 





[7]Exhibit
83 also includes a change of custody order in cause number 2003-00720J, dated
August 22, 2003, placing Courtney Antoine Benton in the custody of his mother,
listed as Joycelyn Alexander.  





[8]We
may take judicial notice of facts which are notorious, well known, or easily
ascertainable.  See Gonzales v. State, 723 S.W.2d 746, 750 (Tex. Crim. App. 1987).  This includes distances between two
geographical locations.  Bell v. State, 63 S.W.3d 529, 532 n.3
(Tex. App.—Texarkana 2001, pet. ref’d).

 





[9]The
prior convictions were entered in March and November 2003.

 





[10]Benton’s
age at the time of the prior convictions is easily ascertainable.  See Gonzales,
723 S.W.2d at 751.

 





[11]The
prior misdemeanor conviction admitted as State’s Exhibit 83 does not identify a
parent or guardian for Courtney Antoine Benton.

 





[12]The
corrected judgment included as part of State’s Exhibit 82 is not signed by the
defendant.