

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00039-CR

_____

RICHARD CHARLES FININEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2015F00270

Before Morriss, C.J., Moseley and Carter,* JJ.
Memorandum Opinion by Justice Moseley

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

Richard Charles Fininen was arrested for indecency with a child by contact (underlying offense). He was released after posting a $20,000.00 surety bond, which he obtained from Texas Bail Bonds. After hearing evidence that Fininen missed an October 27, 2014, trial date for the underlying offense, a jury convicted him of bail jumping and failure to appear. During punishment,[1] which was determined by the trial court, Fininen pled true to the State's enhancement paragraphs alleging that he had previously been convicted of two felony offenses. As a result, the trial court sentenced Fininen to forty years' imprisonment.

On appeal, Fininen focuses on Section 38.10(c) of the Texas Penal Code, which provides a defense to prosecution for bail jumping and failure to appear if "the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release." TEX. PENAL CODE ANN. § 38.10(c) (West 2011).[2] Fininen argues that the evidence was legally insufficient to support the jury's rejection of his reasonable-excuse defense. Because legally sufficient evidence supports the jury's rejection of that defensive issue, we affirm the trial court's judgment.

---

[1]Bail jumping and failure to appear is "a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony." TEX. PENAL CODE ANN. § 38.10(f) (West 2011).

[2]Section 38.10(c) creates a defense, not an affirmative defense. *See* TEX. PENAL CODE ANN. § 2.03 (West 2011). The distinction between a statutory defense and an affirmative defense is critical and impacts the standard of review. "Affirmative defenses may be evaluated for legal and factual sufficiency, even after [The Texas] Court [of Criminal Appeals] handed down its opinion in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), which abolished factual-sufficiency review as it applies to criminal convictions." *Butcher v. State*, 454 S.W.3d 13, 20 (Tex. Crim. App. 2015); *see Matlock v. State*, 392 S.W.3d 662, 669–70 (Tex. Crim. App. 2013). This is because a defendant must prove an affirmative defense by a preponderance of the evidence. TEX. PENAL CODE ANN. § 2.04(d) (West 2011). However, because a defendant asserting a defense only bears a burden of production, with the State continuing to bear the burden of persuasion, a rejection of a defense is only subject to a legal sufficiency analysis. *See Matlock*, 392 S.W.3d at 669; *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Accordingly, although Fininen raises the issue of factual sufficiency, we do not address that issue in light of *Brooks*.

## I.    Factual Background

Under the terms of the bond agreement with Texas Bail Bonds, Fininen agreed to: (1) appear in court on all appearance dates related to the underlying offense specified by his attorney, the trial court, or the court clerk; (2) keep current his address and telephone number; (3) stay within Cass County unless given written consent to leave the county; (4) pay $200.00 per month to Texas Bail Bonds; and (5) report to his bondsman during normal business hours at least once a week. Jerry Don Kellough, owner of Texas Bail Bonds, testified that he explained to Fininen the importance of appearing at every court date and keeping his contact information current, as well as the dire consequences of failing to appear for a court date. Kellough testified that Fininen made no payments on his obligation under the bond agreement and that after "the first three to six weeks," Fininen failed to maintain contact with him. Kellough also testified that his attempts to contact Fininen were unfruitful.

Tara Daugherty, the Chief Deputy Cass County District Clerk, testified that Fininen appeared in court for a hearing related to the underlying offense on September 15, 2014, and signed an order to appear. The order to appear, bearing Fininen's signature, required him to appear in the Fifth Judicial District Court in Cass County, Texas, on October 27, 2014, at 9:00 a.m. In spite of that order, bailiff John Smith testified that Fininen did not appear in court on October 27.

No one testified in support of Fininen's defense. Instead, Fininen merely admitted medical records from Parkland Memorial Hospital in Dallas, Texas, which established that he was admitted to that hospital on October 27, 2014, at 10:47 a.m. The medical records showed that Fininen drove himself to the emergency room where he was seen by Dr. Brian Alden Kendall. Kendall's notes

3

indicated that Fininen was involved in a motor vehicle accident on October 25 and was complaining of chest and right hip pain. Kendall ordered x-rays of Fininen's chest and hip. Although doctors "attempted to persuade [Fininen] to stay for CT," of his hip, Fininen decided, against medical advice, to leave the hospital because he "ha[d] no one else to pick up children from school." Fininen was discharged at 2:27 p.m.

After hearing this evidence, the jury rejected Fininen's reasonable-excuse defense and found him guilty of bail jumping and failure to appear.

## II.      Standard of Review

The Texas bail jumping and failure to appear statute reads, "A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release." TEX. PENAL CODE ANN. § 38.10(a) (West 2011). Fininen was indicted for bail jumping and failure to appear in court on October 27, 2014, which required the State to prove that he "(1) was lawfully released from custody, with or without bail; (2) on condition that he subsequently appear; and (3) intentionally or knowingly failed to appear in accordance with the terms of his release" on October 27. *See Johnson v. State*, 416 S.W.3d 602, 606 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Walker v. State*, 291 S.W.3d 114, 117 (Tex. App.—Texarkana 2009, no pet.)); *see also* TEX. PENAL CODE ANN. § 38.10(a) (West 2011).

"[F]ailure to appear in accordance with the terms of one's release is a crime only if the failure is *intentional or knowing*. Such a culpable mental state cannot be shown absent proof the defendant had notice of the proceeding at which he failed to appear." *Richardson v. State*, 699

4

S.W.2d 235, 238 (Tex. App.—Austin 1985, pet. ref'd) (per curiam) (op. on reh'g). Generally, an instanter bond, like the one in this case, "gives proper notice and, in the absence of evidence of a reasonable excuse, is sufficient to prove an appellant intentionally and knowingly failed to appear." *Bell v. State*, 63 S.W.3d 529, 531 (Tex. App.—Texarkana 2001, pet. ref'd) (citing *Euziere v. State*, 648 S.W.2d 700, 702 (Tex. Crim. App. 1983); *Etchison v. State*, 880 S.W.2d 191, 192 (Tex. App.—Texarkana 1994, no pet.)).

In this case, Fininen does not dispute that he was lawfully released from custody on a surety bond based on the condition that he subsequently appear in court on that charge, or that he knowingly failed to appear in court pursuant to the terms of the release. He also does not dispute that he knew about the October 27, 2014, trial date.[3] Instead, Fininen only complains of the jury's rejection of his reasonable excuse defense.[4]

---

[3]An "appellant's acknowledgment of the notice of the trial setting [i]s sufficient to establish that his failure to appear was done intentionally or knowingly and without a reasonable excuse." *Barrera v. State*, 978 S.W.2d 665, 671 (Tex. App.—Corpus Christi 1998, pet. ref'd).

[4]In accord with Fininen's request, the trial court included the following instruction in its jury charge:

"*Reasonable Excuse*"

It is a defense to the offense of Bail Jumping and Failure to Appear Felony that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release. An excuse is a reason that justifies an act or omission or that relieves a person of a duty.

A reasonable excuse must encompass the entire time the defendant was absent from court, i.e. from the time his name was called in the courtroom to the time he was ultimately apprehended or appeared in court.

Applying the law to the case, the court further instructed the jury, as follows:

[I]f you find from the evidence beyond a reasonable doubt that the defendant, Richard Charles Fininen, did after being lawfully released from custody on a pending felony charge on condition that he subsequently appear in court, intentionally or knowingly fail to appear in accordance with the terms of his release, as charged in the indictment, but you further find, or have a reasonable doubt thereof, that during the time the defendant failed to appear, the defendant had a reasonable

5

Fininen argues that reasonable excuse was proven as a matter of law. A reasonable excuse is one that an ordinary and prudent person would rely on under the same or similar circumstances to justify his failure to make a court appearance. *See Gallegos v. State*, 828 S.W.2d 577, 579 (Tex. App.—Houston [1st Dist.] 1992, no pet.). "Whether a defense is reasonable is generally a matter for the jury." *Luce v. State*, 101 S.W.3d 692, 694 (Tex. App.—Texarkana 2003, no pet.).

In raising a defense to prosecution, a defendant bears the burden of production, which requires the production of some evidence that supports the particular justification. *See* TEX. PENAL CODE ANN. § 2.03 cmt.; *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). Once the defendant produces such evidence, the State then bears the burden of persuasion "to disprove the raised defense." *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 913–14. The burden of persuasion does not require the production of evidence, but rather only requires that the State persuade the jury beyond a reasonable doubt. *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008); *Zuliani*, 97 S.W.3d at 594. A jury verdict of guilt results in an implicit finding against the defensive theory. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 914. Specifically, "[i]ncluded in the jury's determination is whether the defendant actually relied on the reason he or she gave for not appearing in court." *Luce*, 101 S.W.3d at 694.

Typically, in reviewing the sufficiency of the evidence to support the jury's rejection of the Section 38.10(c) defense, we examine all of the evidence in the light most favorable to the

excuse that justified his failure to appear, you will find the defendant not guilty and say so by your verdict.

verdict to determine (1) if challenged, whether any rational trier of fact could have found the essential elements of the offense and (2) whether the fact-finder could have found against the defendant on the defensive issue beyond a reasonable doubt. *Saxton*, 804 S.W.2d at 914. Because Fininen does not challenge the first prong, we focus on the second prong in this case. Unlike cases involving an affirmative defense, we do not conduct a separate factual sufficiency review in determining whether the evidence is sufficient to support a jury's rejection of a defense. *See Brooks*, 323 S.W.3d at 895. We give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

### III. The Jury's Rejection of Fininen's Defense Was Supported by Legally Sufficient Evidence

We believe that ample evidence supports the jury's determination that Fininen did not actually rely on his hospitalization as his reason for failing to appear in court. Kellough testified that Fininen had already criticized his responsibilities under the bond agreement after "the first three to six weeks." Fininen failed to make payments under the bond agreement, keep in contact with Kellough, and provide updated contact information. In spite of a prohibition against leaving Cass County in the absence of a written waiver from Texas Bail Bonds, Fininen travelled to Dallas and remained there long enough to become responsible for picking up children who were enrolled in Dallas schools.

7

Further, nothing demonstrated that Fininen was en route to the Cass County District Court on October 27, 2014, for his 9:00 a.m. appearance time when he was admitted to the hospital at 10:47 a.m. Although he was well enough to drive himself to the hospital and pick up children after his discharge,[5] there was no evidence showing that Fininen had placed a telephone call to the trial court, court clerk, or Kellough to inform them that he was in the hospital. In fact, the jury heard evidence that a warrant for Fininen's arrest was issued on November 6, 2014, but that he was nowhere to be found until June 11, 2015, when he was arrested in Dallas County. Based on this evidence, the jury was free to determine that Fininen had fled to Dallas and had no intention of appearing at his October 27 trial in Cass County.

Viewing the evidence in a light most favorable to the verdict, we conclude that it is legally sufficient to support the jury's rejection of Fininen's reasonable excuse defense, beyond a reasonable doubt. *See Bell*, 63 S.W.3d at 533.

## IV.    Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:      October 13, 2016
Date Decided:        October 27, 2016

Do Not Publish

---

[5]At 12:33 p.m., Fininen underwent "PA and lateral chest radiographs" which showed "[p]late like opacities in the left lower chest," but confirmed an "[o]therwise, unremarkable chest."

8