**Harold Joe LUCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–01–00080–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 16, 2002.

Decided March 7, 2003.

Daniel R. Siler, Atty. and Counselor at Law, Texarkana, for appellant.

Nicole Habersang, Asst. Dist. Atty., Texarkana, for appellee.

Before MORRISS, ROSS, and GRANT,* JJ.

## OPINION

Opinion by Justice BEN Z. GRANT (Retired).

Harold Joe Luce appeals his conviction by a jury for failure to appear, enhanced by two prior felony convictions. The jury assessed his punishment at fifty years' imprisonment, and the trial court ordered his sentence to run consecutively with a sentence he is serving for a prior felony conviction.

Luce contends the trial court erred in admitting evidence of an extraneous act. He also contends the trial court erred in refusing to include an instruction in the

---

* Ben Z. Grant, Justice, Retired, Sitting by As-　signment.

jury charge regarding his defense of "reasonable excuse."

The evidence showed that Luce pleaded guilty to theft on July 21, 2000. He was released on a personal recognizance bond, pending his sentencing on July 28, 2000, on the condition he appear in court that day. Luce failed to appear for his sentencing hearing on July 28. He was arrested on August 11, 2000, in Washington State, about twenty miles south of the Canadian border.

Luce contends the trial court erred in admitting evidence regarding where he was captured. At a pretrial hearing, Luce presented a Motion in Limine requesting the trial court to "instruct the prosecutor not to be allowed to mention ... that at some time, some point after July 28, 2000, [Luce] was located near the Canadian border." The trial court denied his motion. At trial, the State presented evidence, without objection, that Luce was arrested on August 11, 2000, in Bellingham, Washington.

Luce contends this evidence was inadmissible under Rules 403 and 404(b) of the Texas Rules of Evidence. *See* TEX.R. EVID. 403, 404(b). However, he did not raise this objection to the trial court; therefore, it is not preserved for our review. *See* TEX.R.APP. P. 33.1(a).

Luce contends the trial court's overruling of his Motion in Limine is sufficient to preserve the issue. However, it is well settled that the denial of a motion in limine is not sufficient to preserve error for review, but rather there must be a proper objection to the proffered evidence. *McDuff v. State*, 939 S.W.2d 607, 618 (Tex. Crim.App.1997); *Robison v. State*, 35 S.W.3d 257, 263 (Tex.App.Texarkana 2000, pet. ref'd).

Luce also contends the trial court erred in refusing his requested jury charge regarding his defense of reasonable excuse. At the conclusion of the guilt/innocence phase, Luce requested the following instruction: "It's a defense to the prosecution under this section that an actor had a reasonable excuse for his failure to appear in accordance with the terms of his release."

"A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release." TEX. PEN.CODE ANN. § 38.10(a) (Vernon 2003). It is a defense to prosecution that the defendant had a reasonable excuse for his or her failure to appear. TEX. PEN.CODE ANN. § 38.10(c) (Vernon 2003).

The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense. TEX. PEN.CODE ANN. § 2.03(c) (Vernon 2003). However, when the evidence raises a defensive issue, the defendant has a right to an instruction whether the evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence. *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999). The rule is designed to ensure that the jury, not the judge, will decide the relative credibility of the evidence. *Id.*

Luce testified that the evening before he was to be sentenced, he "went out and got—did a lot of drugs and drinking." He testified he did "quite a bit of cocaine" and "a lot of drinking" and was "more or less ... out there for a couple of days." He testified it was three days later before he "got [his] head about halfway straight."

Regarding the first excuse, the Texas Penal Code does not permit the results from voluntary intoxication as a defense.

Section 8.04(a) provides that voluntary intoxication does not constitute a defense to the commission of a crime. TEX. PEN.CODE ANN. § 8.04(a) (Vernon 2003). Luce's testimony establishes that he "did a lot of drugs and drinking," that he did "quite a bit of cocaine" and "a lot of drinking," and that he was "more or less . . . out there for a couple of days." Under Section 8.04(d), intoxication means disturbance of mental or physical capacity resulting from the introduction of any substance into the body. Reading Section 8.04(a) in harmony with Section 38.10(c), which outlines the reasonable excuse defense, an excuse that relies on voluntary intoxication cannot be a reasonable excuse under the Texas Penal Code as a matter of law.

The trial court sustained the State's hearsay objection when Luce attempted to testify about a purported threat made by a Bowie County assistant district attorney that she would seek a life sentence against him if he failed to appear at his sentencing hearing. This testimony was not hearsay, because it was not introduced for the truth of the matter stated, i.e., that the Bowie County assistant district attorney was going to seek a life sentence against Luce, but it was introduced to show that the threat was made by the assistant district attorney. Furthermore, if it had fallen in the category of hearsay, in this case, it would have applied to Luce's state of mind and therefore was an exception to the hearsay rule. At a hearing outside the jury's presence to establish his offer of proof, Luce testified he woke up late on July 28 and realized he missed his sentencing hearing. He testified he remembered the purported threat made by the Bowie County assistant district attorney. He testified that fear of a life sentence precipitated his engaging in a weekend binge of drinking and drug use.

As a rebuttal witness, the State called Captain Ronnie Sharp, who testified Luce told him the reason he failed to appear for his sentencing hearing is that

[S]ome members of the jail staff and/or the Bowie County Sheriff's Office had scared him about the amount of time that he would have to do, and that even after he had pled guilty and received his punishment, that he was scared that the agreement would not be kept, and, in his words, he just had to go.

Luce contends the evidence raised the issue of whether he had a reasonable belief that if he appeared for his sentencing hearing, he would receive a life sentence. However, the evidence arguably raises the reasonable excuse defense in two ways. First, Luce testified he overslept, the result of a night of drinking and drug use. Second, Luce testified he awoke on July 28, realized he was late for his sentencing hearing, and remembered the assistant district attorney's threat to pursue a life sentence against him. Captain Sharp also testified Luce told him that some members of the jail staff and/or the sheriff's office scared him into believing the State would not keep the plea bargaining agreement.

When the evidence raises it, as we have previously stated, the jury decides the credibility of the evidence, and the evidence raises the issue of reasonableness whether it is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about its credibility. Whether a defense is reasonable is generally a matter for the jury. Included in the jury's determination is whether the defendant actually relied on the reason he or she gave for not appearing in court. However, not every purported reason given by a defendant can be considered an excuse under the law. An excuse is "[a] reason that justifies an act or omission or that relieves a person of a

duty." BLACK'S LAW DICTIONARY 588 (7th ed.1999). A reason that is unrelated to the defendant's failure to appear cannot be considered an excuse. For example, if the defendant said there was a full moon the night before or that he or she did not believe in leaving his or her house on Tuesdays, these could not be excuses that would justify his or her failure to appear in court. Luce's first matter raised as an excuse for his failure to appear cannot be considered as a legal excuse. The record shows that at the time Luce contended he feared he would get a life sentence based on the assistant district attorney's threat, he had already failed to appear. Inasmuch as this occurred after he had missed his sentencing hearing, it cannot logically be the basis for his missing his sentencing hearing.

The testimony of Captain Sharp put into evidence that Luce had told him he failed to appear because he was concerned the State would not keep the plea bargaining agreement. According to Luce, this fear was based on comments made by members of the jail staff or sheriff's office, or both.

Another category of reasons that would not be legally recognized as a basis for not appearing for trial would be situations in which the defendant did not appear because he or she feared to appear in court, did not trust the court, did not believe in court proceedings, or believed that he or she would be punished if he or she appeared in court. Even though such reasons may be relied on by a defendant, they cannot be recognized by the court as legal bases for not attending. If such excuses were recognized, then courts could no longer function and require attendance.

Luce's statement to Captain Sharp that he feared the trial court would not keep its agreement because of comments made by jail staff or the sheriff's office, or both, does not establish an excuse that can be recognized as a basis for failure to attend the court proceeding.

The trial court did not err in failing to charge the jury on the defense of reasonable excuse, because the matters raised were not excuses as a matter of law. This point of error is overruled.

We affirm the judgment of the trial court.