Affirmed and Memorandum Opinion filed April 14, 2009








Affirmed and Memorandum Opinion filed April 14, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00244-CR

____________

 

MATTHEW JOSEPH COLLAZO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1154231

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Matthew Joseph Collazo, appeals from his
conviction for bail jumping and failure to appear.  A jury found appellant
guilty and assessed his punishment at eight years imprisonment.  In two issues,
appellant contends that in sustaining the State=s objections
during appellant=s testimony, the trial court prevented
appellant from presenting a defense in violation of his constitutional right to
do so.  We affirm.








Discussion

Appellant acknowledges that there was sufficient evidence
presented at trial to establish the elements of the offense, i.e., that
appellant intentionally or knowingly failed to appear in court in accordance
with the terms of his release from custody; however, appellant contends that
the trial court erred in excluding evidence supporting a defense to the charged
offense.  See Tex. Penal Code ' 38.10(a)-(c)
(listing elements and defenses for the offense of bail jumping and failure to
appear).[1] 
Specifically, appellant contends that although he had a reasonable excuse for
his failure to appear, the trial court did not permit him to testify in support
of that defense over the State=s objections.  See id. ' 38.10(c).








Moreover, appellant contends that the trial court=s refusal to allow
testimony regarding his defense violated his right to present a defense under
the Sixth Amendment of the United States Constitution, citing Rock v.
Arkansas, 483 U.S. 44, 51 (1987), Washington v. State, 388 U.S. 14,
19 (1967), and Potier v. State, 68 S.W.3d 657, 664-65 (Tex. Crim. App.
2002).  The record reveals, however, that at no point did appellant raise this
issue in the trial court.[2] 
Generally, to preserve an issue for appellate review, a party must make a
timely and sufficiently specific request, objection, or motion on that basis
and obtain a ruling thereon or object to the court=s refusal to
rule.  See Tex. R. App. P. 33.1(b);
Johnson v. State, 183 S.W.3d 515, 519 (Tex. App.CHouston [14th
Dist.] 2006, pet. dism=d).  This is true even when the issue on
appeal asserts denial of the right to present a defense.  See Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  Consequently, appellant
failed to preserve his constitutional argument by making it in the trial court.[3]








It is unclear whether appellant is also complaining that
the trial court committed reversible error simply by sustaining the State=s two relevancy
objections during appellant=s testimony.  Nonetheless, we will
consider the question in the interest of justice.  The first objection came
after defense counsel asked appellant if there was any other reason as to why
he failed to make the court appearance at issue in the case, and appellant
answered A[w]ell, because I had full custody of my son andC.@  The second
sustained objection came when defense counsel again asked whether there was any
other reason why appellant failed to appear, and appellant stated that he had Aa medical
condition.@[4]  The mere fact of
being a single parent or having a medical condition does not provide a
reasonable excuse for avoiding a court appearance.  AExcuse@ is defined as A[a] reason that
justifies an act or omission or that relieves a person of a duty.@  Black=s Law Dictionary
588 (7th ed.1999).  Not every purported reason given by a defendant constitutes
an excuse under the law; a reason that is not tied to the failure to appear
does not constitute an excuse.  See Luce v. State, 101 S.W.3d 692,
694-95 (Tex. App.CTexarkana 2003, no pet.).  A reasonable
excuse could possibly be related to one of the purported facts appellant
raised, but without more, a claim of parenthood or illness does not constitute
a reasonable excuse.  Appellant has offered no explanation in the trial court
or on appeal as to how parenthood or a purported illness kept him from
appearing in court as he was obligated to do.  Accordingly, the trial court did
not err in sustaining the two relevancy objections, and we overrule appellant=s two issues.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Yates and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  Penal Code section 38.10 provides in relevant part
as follows:

 

' 38.10. Bail Jumping and Failure to Appear

 

(a) A person lawfully released from custody, with or
without bail, on condition that he subsequently appear commits an offense if he
intentionally or knowingly fails to appear in accordance with the terms of his
release.

 

(b) It is a defense to prosecution under this section
that the appearance was incident to community supervision, parole, or an
intermittent sentence.

 

(c) It is a defense to prosecution under this section that the actor
had a reasonable excuse for his failure to appear in accordance with the terms
of his release.





[2]  To the contrary, when during a bench conference the
trial judge questioned the relevance of certain potential testimony, trial
counsel stated AJudge, I know that.  I am stuck here having to ask
this guy questions.@  Counsel did not urge that the evidence was in fact
relevant or, more importantly, that restricting the evidence violated appellant=s constitutional rights.





[3]  We further hasten to point out that appellant=s suggestion in his brief that Athe trial court deemed any defense as irrelevant@ does not comport with the trial record.  Prior to
appellant=s testimony and outside the jury=s presence, the court admonished appellant that
general character evidence was irrelevant and that the only issue at that point
was whether appellant was guilty of the charged offense.  Contrary to appellant=s suggestion, the court did not say that any defense
to the charges would be irrelevant; proving a defense, after all, is a method
for defeating criminal charges.

Additionally, appellant=s statement on page 10 of his brief that the trial
court excluded all testimony supporting appellant=s alleged reasons for not appearing also does not comport with the
record.  Appellant did testify to some extent regarding his reasons. 
Furthermore, the trial court sustained a Aleading@ objection and a Anarrative@ objection in addition to two relevancy objections. 
After the Aleading@
and Anarrative@
objections were sustained, defense counsel did not attempt to re-ask the
purportedly leading question or to ask additional questions to draw out the
testimony deemed given as a narrative.





[4]  The record is somewhat muddled as to exactly why
appellant did not testify further regarding his alleged medical condition. 
After appellant testified that he had a medical condition, defense counsel
asked:  A[I]s it true that you needed to get medical treatment
for your condition?@  The State objected that the question was leading,
and the trial court sustained the objection.  The trial court then called
counsel to the bench, and defense counsel informed the court that appellant Amay have cancer.@ 
The judge expressed sympathy for that possibility but then indicated that the
only way it would be relevant would be if it somehow prevented him from coming
to court.  Defense counsel said twice AI
know that,@ and when the judge asked the prosecutor whether she
had an objection, she said @I don=t see how any of that is relevant.@  The judge then sustained the relevancy objection. 
Back before the jury, defense counsel asked appellant if there was any other
reason why he failed to make the court appearance, and appellant responded Ano.@