

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00144-CR

_____

CLARENCE LODELL PIERCE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 07F0422-005

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

There is no doubt that Clarence Lodell Pierce shot and killed Kevin Haynes. He admitted it. The sole question on appeal is whether the evidence is factually sufficient to support Pierce's murder conviction[1] on the issue of self-defense. We affirm the judgment, because we find the evidence sufficient.

The evidence shows that Haynes entered Pierce's home, confronting him over a venomous verbal conflict between the two men's girlfriends: Roslyn, who had once been Pierce's girlfriend, but was now Haynes' girlfriend, and Bobbie, Pierce's current girlfriend. At the time, those individuals and several others were all in Pierce's home playing cards. The evidence shows that Roslyn left and went to complain to Haynes about being mistreated. Haynes came into the house cursing and posturing, demanding that Pierce control his current girlfriend's mouth, and accusing Pierce at one point of hitting Roslyn. Pierce testified that he was in a back room when he heard Haynes come in demanding to talk to him, that he anticipated trouble, and that he retrieved his pistol and put it in his pocket. There was evidence that Haynes had his hand in his jacket and that Pierce asked Haynes to leave. However, there is also evidence that, at the time of the shooting, Haynes was outside the home, had not produced a weapon, and had made no threatening gestures

---

[1] In a trial to the court, Pierce was convicted and sentenced to twenty-five years' imprisonment.

toward Pierce.[2]

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006). We may find evidence factually insufficient if (1) the evidence supporting the conviction is "too weak" to support the fact-finder's verdict, or (2) considering conflicting evidence, the fact-finder's verdict is against the great weight and preponderance of the evidence. *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009). In so doing, we may find the evidence insufficient when necessary to prevent manifest injustice. *Id*. Although we give less deference to the verdict in a factual sufficiency review, we will not override the verdict simply because we disagree with it. *Id*. Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically-correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Grotti v. State*, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008).

In raising the justification of self-defense, a defendant bears the burden of production, which requires the production of some evidence that supports the particular justification. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). Once the defendant produces such evidence, the State then bears the burden of persuasion to disprove the raised defense beyond a reasonable doubt. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 913–14. The burden of persuasion does not require the production of

---

[2]Section 9.31 of the Texas Penal Code sets out the statutory definition of self-defense. The statute was amended in 2007. Act of Mar. 20, 2007, 80th Leg., R.S., ch. 1,§ 2, 2007 Tex. Gen. Laws 1. The later version does not apply to this prosecution, as the offense occurred in February 2007, before the effective date of the amendment.

evidence, but rather only requires that the State persuade the jury beyond a reasonable doubt that the defendant did not act in self-defense. *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 913–14; *Kelley v. State*, 968 S.W.2d 395, 399 (Tex. App.—Tyler 1998, no pet.).

Thus, in a factual-sufficiency review of the rejection of a self-defense claim, we view "all of the evidence in a neutral light and [ask] whether the State's evidence taken alone is too weak to support the finding and whether the proof of guilt, although adequate if taken alone, is against the great weight and preponderance of the evidence." *Zuliani*, 97 S.W.3d at 595. A verdict of guilt results in an implicit finding against the defensive theory. *Id.* at 594; *Saxton*, 804 S.W.2d at 914. *Loun v. State*, 273 S.W.3d 406, 410 (Tex. App.—Texarkana 2008, no pet.).

In our review of the evidence for sufficiency, we examine all of the evidence under the standards set out above, and then further determine whether any rational trier of fact could have found, beyond a reasonable doubt, for the State on the essential elements of the offense and on the self-defense issue. *Saxton*, 804 S.W.2d at 914; *Walker v. State*, 291 S.W.3d 114, 117–18 (Tex. App.—Texarkana 2009, no pet.).

In this case, there is evidence from three witnesses that would support a conclusion by the fact-finder that Pierce acted in self defense when he shot Haynes—that Pierce could believe, due to Haynes' words and physical actions that Haynes was about to pull a gun out of his jacket and attack Pierce. There is also evidence from one witness that could support a conclusion that Haynes was not out of control, that he did not threaten Pierce, and that he did not either orally or

physically indicate that he was armed. That evidence supports a conclusion that Pierce was not acting in self defense.

Our review is not based on the number of witnesses provided by one side or the other. Impossibility is not shown, and counsel exposed possible gaps in credibility for each witness. In such a situation, the fact-finder has both the duty and responsibility of sorting the evidence to reach a decision. Even if contradictory witness testimony may be compelling, the fact-finder is the sole judge of what weight to give to such testimony. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We should afford "almost complete deference to a jury's decision when that decision is based upon an evaluation of credibility." *Id.* (citing *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006)). Although there is testimony that could support a self-defense finding, it is not so strong, and the State's evidence to the contrary so weak, as to permit us to second-guess the conclusion reached by the fact-finder. The evidence is both legally and factually sufficient to support the verdict, and the fact-finder could have found against Pierce on his self-defense claim beyond a reasonable doubt.

We affirm the judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:    June 14, 2010
Date Decided:    July 7, 2010

Do Not Publish

5