In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00144-CR

                                                ______________________________

 

 

                              CLARENCE LODELL PIERCE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 5th Judicial District Court

                                                             Bowie County, Texas

                                                       Trial Court
No. 07F0422-005

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            There is no
doubt that Clarence Lodell Pierce shot and killed Kevin Haynes.  He admitted it.  The sole question on appeal is whether the
evidence is factually sufficient to support Pierce’s murder conviction[1]
on the issue of self-defense.  We affirm
the judgment, because we find the evidence sufficient.

            The evidence
shows that Haynes entered Pierce’s home, confronting him over a venomous verbal
conflict between the two men’s girlfriends:  Roslyn, who had once been Pierce’s girlfriend,
but was now Haynes’ girlfriend, and Bobbie, Pierce’s current girlfriend.  At the time, those individuals and several
others were all in Pierce’s home playing cards. 
The evidence shows that Roslyn left and went to complain to Haynes about
being mistreated.  Haynes came into the house
cursing and posturing, demanding that Pierce control his current girlfriend’s
mouth, and accusing Pierce at one point of hitting Roslyn.  Pierce testified that he was in a back room
when he heard Haynes come in demanding to talk to him, that he anticipated
trouble, and that he retrieved his pistol and put it in his pocket.  There was evidence that Haynes had his hand
in his jacket and that Pierce
asked Haynes to leave.  However, there is
also evidence that, at the time of the shooting, Haynes was outside the home,
had not produced a weapon, and had made no threatening gestures toward Pierce.[2]

            In conducting a factual sufficiency review,
we consider the evidence in a neutral light. 
Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).  We may find evidence factually insufficient if
(1) the evidence supporting the conviction is “too weak” to support the fact-finder’s
verdict, or (2) considering conflicting evidence, the fact-finder’s verdict is
against the great weight and preponderance of the evidence.  Laster v. State, 275 S.W.3d 512, 518
(Tex. Crim. App. 2009).  In so doing, we
may find the evidence insufficient when necessary to prevent manifest
injustice.  Id.  Although we give less deference to the
verdict in a factual sufficiency review, we will not override the verdict
simply because we disagree with it.  Id.  Both legal and factual sufficiency are
measured by the elements of the offense as defined by a hypothetically- correct
jury charge.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti v. State, 273
S.W.3d 273, 280 (Tex. Crim. App. 2008).

            In raising
the justification of self-defense, a defendant bears the burden of production,
which requires the production of some evidence that supports the particular
justification.  Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); Saxton v. State, 804 S.W.2d 910, 913
(Tex. Crim. App. 1991).  Once the
defendant produces such evidence, the State then bears the burden of persuasion
to disprove the raised defense beyond a reasonable doubt.  Zuliani,
97 S.W.3d at 594; Saxton, 804 S.W.2d
at 913–14.  The burden of persuasion does
not require the production of evidence, but rather only requires that the State
persuade the jury beyond a reasonable doubt that the defendant did not act in
self-defense.  Zuliani, 97 S.W.3d at 594; Saxton,
804 S.W.2d at 913–14; Kelley v. State,
968 S.W.2d 395, 399 (Tex. App.—Tyler 1998, no pet.).

            Thus, in a
factual-sufficiency review of the rejection of a self-defense claim, we view
“all of the evidence in a neutral light and [ask] whether the State’s evidence
taken alone is too weak to support the finding and whether the proof of guilt,
although adequate if taken alone, is against the great weight and preponderance
of the evidence.”  Zuliani, 97 S.W.3d at 595.  A
verdict of guilt results in an implicit finding against the defensive
theory.  Id. at 594; Saxton, 804
S.W.2d at 914. Loun v. State, 273
S.W.3d 406, 410 (Tex. App.—Texarkana 2008, no pet.). 

            In our
review of the evidence for sufficiency, we examine all of the evidence under the
standards set out above, and then further determine whether any rational trier
of fact could have found, beyond a reasonable doubt, for the State on the
essential elements of the offense and on the self-defense issue.  Saxton,
804 S.W.2d at 914; Walker v. State,
291 S.W.3d 114, 117–18 (Tex. App.—Texarkana 2009, no pet.).

            In this
case, there is evidence from three witnesses that would support a conclusion by
the fact-finder that Pierce acted in self defense when he shot Haynes—that
Pierce could believe, due to Haynes’ words and physical actions that Haynes was
about to pull a gun out of his jacket and attack Pierce.  There is also evidence from one witness that
could support a conclusion that Haynes was not out of control, that he did not
threaten Pierce, and that he did not either orally or physically indicate that
he was armed.  That evidence supports a
conclusion that Pierce was not acting in self defense.

            Our review
is not based on the number of witnesses provided by one side or the other.  Impossibility is not shown, and counsel
exposed possible gaps in credibility for each witness.  In such a situation, the fact-finder has both
the duty and responsibility of sorting the evidence to reach a decision.  Even if contradictory witness testimony may
be compelling, the fact-finder is the sole judge of what weight to give to such
testimony.  Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).  We should afford “almost complete deference to
a jury’s decision when that decision is based upon an evaluation of
credibility.”  Id. (citing Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006)). 
Although there is testimony that could support a self-defense finding,
it is not so strong, and the State’s evidence to the contrary so weak, as to permit
us to second-guess the conclusion reached by the fact-finder.  The evidence is both legally and factually
sufficient to support the verdict, and the fact-finder could have found against
Pierce on his self-defense claim beyond a reasonable doubt.

            We affirm
the judgment.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          June
14, 2010

Date Decided:             July
7, 2010

 

Do Not Publish           

 

 

 

 

 











[1]In
a trial to the court, Pierce was convicted and sentenced to twenty-five years’
imprisonment.

 





[2]Section
9.31 of the Texas Penal Code sets out the statutory definition of self-defense.  The statute was amended in 2007.  Act of Mar. 20, 2007, 80th Leg., R.S., ch. 1,§
2, 2007 Tex. Gen. Laws 1.  The later
version does not apply to this prosecution, as the offense occurred in February
2007, before the effective date of the amendment.