

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00047-CR

_____

**GEORGE RAY DAVIS, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR 14493; Honorable Ralph H. Walton, Jr. Presiding

September 8, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Following a plea of not guilty, Appellant, George Ray Davis, was convicted by a jury of bail jumping and failure to appear, a third degree felony.[1]  The indictment also

---

[1] TEX. PENAL CODE ANN. § 38.10(a) (West 2017).  An offense under this section of the Penal Code is normally a Class A misdemeanor provided, however, an offense under this section is a third degree felony if the offense for which the actor's appearance was required was a felony.  Here, Appellant was required (but failed) to appear for the offenses of sexual performance by a child and indecency with a child, both felony offenses.  Therefore, this offense is a third degree felony.

included three enhancement allegations enhancing the level of punishment to that of a second degree felony.[2]  At the punishment phase of his trial, Appellant pleaded "true" to each enhancement allegation.  Punishment was assessed by the jury at ten years confinement and a fine of $10,000.  Appellant timely filed a notice of appeal.[3]  In presenting this appeal, counsel has filed an *Anders*[4] brief in support of a motion to withdraw.  We affirm the judgment of the trial court and grant counsel's motion to withdraw.

**ANALYSIS**

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and

---

[2] TEX. PENAL CODE ANN. § 12.42(a) (West 2019).  An offense "punished as" a higher offense raises the level of punishment, not the degree of the offense.  *See Oliva v. State*, 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018).

[3] Originally appealed to the Second Court of Appeals, sitting in Fort Worth, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (WEST 2013).  Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[4] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

(3) informing him of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5]  By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant filed a response; however, the State did not favor us with a brief.

In 2017, Appellant was charged with two felony offenses, sexual performance by a child[6] and indecency with a child.[7]  Shortly thereafter, he executed, along with AAA Bob Smith Bail Bonds, as surety, a $50,000 appearance bond to secure his release regarding the offense of sexual performance of a child.  Likewise, he executed a $25,000 appearance bond to secure his release regarding the offense of indecency with a child.  The terms of each bond required Appellant to "make his personal appearance before the said Court of Hood County, Texas, as well as before any other court in which the same may be transferred and for any and all subsequent proceedings that may be had . . . until discharge[d] by due course of law[,] then and there to answer said accusation against him . . . ."  The date to appear was left blank as there were no settings scheduled at the time.  Appellant signed the bond and provided an address and a telephone number.  No defense attorney was listed on either bond.  Counsel was later appointed to represent Appellant on the underlying felony offenses.

---

[5] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

[6] TEX. PENAL CODE ANN. § 43.25(d) (West 2019).

[7] TEX. PENAL CODE ANN. § 21.11 (West 2019).

Appellant appeared for trial on the two charges, before a jury, in January 2019.[8] Appellant appeared for the pretrial hearings and was present for jury selection and the first day of the presentation of evidence. At the end of each day, Appellant was allowed to remain free on his appearance bond. On the third day of trial, Appellant did not appear. The trial court ordered the trial to continue in Appellant's absence and he was subsequently convicted and sentenced to serve life in prison. Appellant was later located and arrested in Louisiana. Upon his return to Texas, he was tried for and convicted of the offense of bail jumping. It is from that conviction Appellant now appeals.

### APPLICABLE LAW AND DISCUSSION

A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release. TEX. PENAL CODE ANN. § 38.10(a) (West 2017). Bail jumping is a result-of-conduct offense. *Walker v. State*, 291 S.W.3d 114, 117 (Tex. App.—Texarkana 2009, no pet.) (citing *Roberts v. State*, 273 S.W.3d 322, 328-29 (Tex. Crim. App. 2008); *Gonzales v. State,* 270 S.W.3d 282, 288 (Tex. App.—Amarillo, pet. ref'd)). It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release. TEX. PENAL CODE ANN. § 38.10(c). A reasonable excuse is one that an ordinary and prudent person would rely on under the same or similar circumstances to justify his failure to make a court appearance. *Fininen v. State*, No. 06-16-00039-CR, 2016 Tex. App.

---

[8] The record indicates the State proceeded to trial only on the charge of indecency with a child. The State elicited testimony from witnesses that the conditions of each bond required Appellant's appearance at trial. Thus, even if the State proceeded only on one charge, the conditions of the bond associated with the indecency charge alone compelled Appellant's appearance at trial.

LEXIS 11595, at *6-9 (Tex. App.—Texarkana Oct. 27, 2016, no pet.) (mem. op., not designated for publication) (citing *Gallegos v. State*, 828 S.W.2d 577, 579 (Tex. App.—Houston [1st Dist.] 1992, no pet.)).  "Whether a defense is reasonable is generally a matter for the jury."  *Luce v. State*, 101 S.W.3d 692, 694 (Tex. App.—Texarkana 2003, no pet.).

In raising the defense of justification based on a reasonable excuse, a defendant bears the burden of production, which requires the production of some evidence that supports that defense.  *Fininen*, 2016 Tex. App. LEXIS 11595, at *7-8 (citing TEX. PENAL CODE ANN. § 2.03 cmt.; *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003); *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991)).  Once the defendant produces such evidence, the State then bears the burden of persuasion "to disprove the raised defense."  *Fininen*, 2016 Tex. App. LEXIS 11595, at *8 (citing *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 913-14).  The burden of persuasion does not require the production of evidence; instead, it requires that the State persuade the jury beyond a reasonable doubt.  *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008); *Zuliani*, 97 S.W.3d at 594.  A jury verdict of guilt results in an implicit finding against the defensive theory.  *Fininen*, 2016 Tex. App. LEXIS 11595, at *8 (citing *Zuliani*, 97 S.W.3d at 594; *Saxton*, 804 S.W.2d at 914).  Specifically, "[i]ncluded in the jury's determination is whether the defendant actually relied on the reason he or she gave for not appearing in court."  *Fininen*, 2016 Tex. App. LEXIS 11595, at *8 (citing *Luce*, 101 S.W.3d at 694).

Generally, when reviewing the sufficiency of the evidence to support a jury's rejection of the section 38.10(c) defense, we examine all of the evidence in the light most

favorable to the verdict to determine "(1) if challenged, whether any rational trier of fact could have found the essential elements of the offense and (2) whether the fact-finder could have found against the defendant on the defensive issue beyond a reasonable doubt." *Fininen*, 2016 Tex. App. LEXIS 11595, at *8 (citing *Saxton*, 804 S.W.2d at 914).

Here, Appellant admitted to each element of the offense but argued, in essence, that he relied on a reasonable excuse for failing to appear. Unlike cases involving an affirmative defense, we do not conduct a separate factual sufficiency review to determine whether the evidence is sufficient to support a jury's rejection of a defense. *Fininen*, 2016 Tex. App. LEXIS 11595, at *9 (citation omitted). We give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

From the record before us, it is clear Appellant was aware of the proceeding at which he failed to appear. He appeared for trial and was present for jury selection and the first day of trial. It was not until the State had presented its case-in-chief and the defense was about to present its case that Appellant failed to appear. Appellant admitted all of this was true but argued he had a reasonable excuse for failing to appear. The record shows, however, the State established the elements of the offense beyond a reasonable doubt through the testimony of several witness. *See Jackson*, 443 U.S. at

6

319. The record also shows the jury's implicit rejection of Appellant's defense was supported by sufficient evidence.

First, a bail bondsman testified he was responsible for obtaining Appellant's release from confinement with a bail bond. Second, the bailiff for the 355th Judicial District Court testified Appellant appeared for trial the first day but failed to appear thereafter. Third, a deputy testified to his extensive efforts to locate Appellant after he failed to appear for the remainder of his trial. Those efforts included speaking with a relative and telling her they were looking for Appellant. Two or three days later, Appellant turned himself in at the Lafayette Parish Sheriff's Office. The deputy and an officer also testified to the hours and costs associated with locating and transporting Appellant back to Hood County.

During his testimony, Appellant explicitly admitted he knowingly failed to appear for the remainder of his trial. He also testified that while he failed to appear, he had a reasonable excuse for that failure. He stated that in a conversation held well before trial, his attorney told him not to appear, that he should "flee," and that she would do so in his situation. Appellant admitted, however, his counsel told him at the outset of that conversation that she was not giving him legal advice. Appellant also stated that during trial, after the State had presented its case, his attorney told him, "We're toast . . . . If you're here tomorrow, you're going to go to prison." Appellant further stated his attorney told him he would receive a mistrial and not to worry about the bonds; however, once again, she told him that was not legal advice. Nevertheless, Appellant claimed that he was just following her advice and did not return for the remainder of his trial.

7

Appellant's nephew also testified, telling the jury he knew Appellant failed to appear at trial, that he tried to make Appellant attend the trial, and that he believed it was a bad idea to fail to appear. He testified he was with Appellant the night before he failed to appear when Appellant told him his counsel said, "if he had showed that he was toast, that he'd be going to prison." The nephew also confirmed Appellant was hoping he would receive a mistrial and get a new attorney if he failed to appear for the remainder of his trial. He also said he and other members of his family tried to convince Appellant to appear. Neither party called Appellant's former attorney to testify. Following presentation of the evidence, the jury deliberated and found Appellant guilty, thereby implicitly rejecting his reasonable excuse defense.

### ANDERS ANALYSIS

By his *Anders* brief, counsel has comprehensively evaluated the underlying proceedings, including the sufficiency of the evidence. Based on that review, counsel has concluded the State satisfied its burden to establish beyond a reasonable doubt all the elements of the offense of bail jumping. *See* TEX. PENAL CODE ANN. § 38.10(a). He has also reviewed two potential issues and concludes neither is meritorious.

Whenever an appellate court has an *Anders* brief filed by counsel and a *pro se* response filed by an appellant, we have two choices. One, we may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744). Or, two, we may determine that arguable grounds for an appeal exist and remand the cause to the trial court so that new

counsel may be appointed to brief issues. *See Bledsoe,* 178 S.W.3d at 826-27 (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We too have independently examined the record in this case to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree with counsel's assessment that there is no plausible basis for reversal of Appellant's conviction. *Bledsoe*, 178 S.W.3d at 826-27.

### CONCLUSION

The judgment of the trial court is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.