

# NUMBER 13-24-00296-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARTIN RENE LUGO JR.,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                       **Appellee.**

---

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF JACKSON COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina**

A jury convicted appellant Martin Rene Lugo, Jr. of bail jumping and failure to appear, a third-degree felony with punishment enhanced by multiple prior felony convictions, and the trial court sentenced him to life imprisonment.[1] *See* TEX. PENAL CODE

---

[1] Lugo pleaded true to four felony convictions for punishment enhancement purposes. *See* TEX.

ANN. § 38.10. By his sole issue, Lugo argues the "evidence fails to prove [he] knowingly or intentionally failed to appear in [c]ourt in accordance with the terms of his bond." We affirm.

## I.  BACKGROUND

At trial, Ashley Brown testified that she is a jailer with Jackson County. According to Brown, when an inmate bonds out of jail, she instructs him to write his physical address on the bond form, so that he will be contacted with a future court setting. Specifically, she informs the inmate that the address provided must be a physical address and not a post office box. She stated that on July 19, 2023, she received a surety bond for Lugo's release in the amount of $3,000. She informed Lugo of the address requirements, witnessed him sign his bond release form, and observed him handwrite his physical mailing address and phone number.

Assistant District Clerk Kelley Drastata testified that on October 17, 2023, she mailed Lugo and his bonding company notice that Lugo needed to appear in the "24th District Court on Tuesday, October 24, 2023, at 9:00 a.m." Drastata stated that she sent notice by United States Postal Service to the physical address Lugo provided on his bond form. Similarly, District Clerk Sharon Mathis testified that this notice was mailed to Lugo seven days before the docket setting at the same physical address. According to Mathis, Lugo had an obligation to update the address if it changed. Mathis stated that the notice did not return to the clerk's office as undeliverable.

---

PENAL CODE ANN. § 12.42(d).

Francis Martinez testified that she is employed by the bonding company that provided for Lugo's bond. She stated that before October 24, 2023, she called Lugo's mother to inform her of the trial setting, and she also texted Lugo's mother a picture of the trial court setting.

Bailiff Chancey Greene testified that he was working as a bailiff for the 24th District Court in Jackson County on October 24, 2023, and that Lugo did not appear or answer when Greene called his name. Greene's affidavit to the same effect was admitted into evidence.

Officer Stephen Lang testified that he arrested Lugo for failure to appear and bail jumping. He stated that he is familiar with Lugo, and based on his experience and history with Lugo and Lugo's family, he knows Lugo "to live with his mom." According to Lang, Lugo was only a couple of blocks away from his physical address at the time of his arrest.

## II.    SUFFICIENCY OF THE EVIDENCE

Lugo argues that the State failed to prove he intentionally or knowingly failed to appear in accordance with the terms of his release because he did not have actual notice of the trial court's setting.

### A.    Standard of Review & Applicable Law

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). "The jury is the sole judge of the credibility of witnesses and the weight to be given

3

to their testimonies, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury." *Id.* (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). The duty of a reviewing court is simply to ensure that the evidence presented supports the fact finder's verdict and that the State has presented a legally sufficient case of the offense charged. *Id.* When a reviewing court is faced with a record supporting contradicting conclusions, the court must presume the fact finder resolved any such conflicts in favor of the verdict, even when not explicitly stated in the record. *Id.* "Under this standard, evidence may be legally insufficient when the record contains no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt*." Id.* (quoting *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013)).

Sufficiency of the evidence is measured against "the elements of the offense as defined by the hypothetically correct jury charge for the case." *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A person commits the offense of bail jumping and failure to appear if the person: (1) has been "lawfully released from custody," (2) "on condition that [t]he [person] subsequently appear," (3) and then "intentionally or knowingly fails to appear," (4) "in accordance with the terms of [the person's] release." TEX. PENAL CODE ANN. § 38.10. "A person acts intentionally . . . with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a). "A person acts knowingly . . . with respect to the nature of his conduct . . . when he is aware of the nature of his conduct" and "[a] person acts knowingly . . . with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." *Id.* § 6.03(b).

4

## B. Discussion

Here, the evidence established that Lugo was released from jail on July 19, 2023, on a $3,000 bail bond pending criminal charges. It is undisputed that the physical residential address listed in Lugo's surety bond is Lugo's mother's address, and Lugo does not dispute his address. Lugo also does not dispute that he failed to appear at the 24th District Court on October 24, 2023. Instead, he challenges the State's notice to him.

Lugo provided Brown with his physical address, and he signed the bond form, which contained that address. The evidence showed that the district clerk mailed Lugo notice of the trial court setting to the physical address that he provided, and the notice did not come back as undeliverable. *See generally Walker v. State*, 291 S.W.3d 114 (Tex. App.—Texarkana 2009, no pet.) (holding evidence sufficiently supported the conviction for bail jumping where two different parties mailed notices to the address where defendant lived, none of the notices came back as undeliverable, and defendant's bail bondsman spoke with defendant's aunt who stated that defendant received actual notice of arraignment docket setting); *see also Jenkins v. State*, No. 07-18-00186-CR, 2020 WL 594487, at *3 (Tex. App.—Amarillo Feb. 6, 2020, no pet.) (mem. op., not designated for publication) (upholding a conviction for bail jumping where there was testimony showing that the trial court mailed a notice to appellant at the address he provided in his bond notifying him of the date and time to appear for his arraignment and the date and time to appear for a pretrial hearing); *Hafeez-Bey v. State*, No. 09-10-00013-CR, 2010 WL 3260050, at *4 (Tex. App.—Beaumont Aug. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (holding the evidence legally sufficient when "the surety mailed an arraignment notice and confirmed its receipt with a family member"). Furthermore,

5

Martinez called Lugo's mother and sent her a picture of the trial court setting. Lastly, Lugo was found close to his residence, which is the address he provided on the bond form. Based on this record, a rational jury could have found that Lugo intentionally and knowingly failed to appear in accordance with the terms of his release. *See* TEX. PENAL CODE ANN. § 38.10. We overrule his sole issue.

### III.     CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
21st day of August, 2025.